UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT S. MANCINI,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG,<br><br>Defendant. | Case No. 1:23-cv-09815 (ER)<br><br>**~~[PROPOSED]~~ STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

EDGARDO RAMOS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" ("Designated Material") pursuant to this Order, no person subject to this Order may disclose such Designated Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal, financial, or intimate nature regarding any individual; or

(e) any other category of information given "Confidential" status by this Court after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility; or (b), in the case of Discovery Material that is produced in native form, the Producing Party shall designate the Discovery Material as "Confidential" (i) placing the legend "CONFIDENTIAL" or on a placeholder image bearing the production number of the document, (ii) including the legend "CONFIDENTIAL" in the file name, or (iii) including the legend "CONFIDENTIAL" in a metadata field of a database load file.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it, accordingly, as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential."

5. For information produced in some form other than documentary evidence, the Producing Party must affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the item, or on the container or containers in which the item is stored. If only portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the legend, and shall otherwise notify the any Party or other person receiving Designated Material (each, "Receiving Party") in writing of the portions of the item warranting protection.

6. For testimony given in other pretrial or trial proceedings before the Court, the Party or non-party desiring to designate any material as Confidential shall be responsible for seeking sealing of such information in accordance with the Court's procedures.

7. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously

produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. Such privileges and protections include, but are not limited to, the attorney-client privilege, the attorney work-product doctrine, the bank supervisory privilege, any restrictions pursuant to the Bank Secrecy Act and USA PATRIOT Act, and the requirements of 31 U.S.C. § 5318(g)(2)(A)(i), 31 C.F.R. § 1020.320, and 12 C.F.R. § 21.11(k)(1)(i).

9. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Production of any Discovery Materials which a Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product doctrine ("Produced Privileged Information") will not by itself constitute a waiver of any applicable privilege. Promptly after a Producing Party discovers (or upon receipt of notice from a Receiving Party) that it has produced privileged information, the Producing Party shall request the return of such Produced Privileged Information by identifying in writing the Discovery Materials produced and the basis for withholding such Discovery Materials from production. If a Producing Party requests the return of Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Materials (and copies

thereof) and shall take all commercially reasonable steps to sequester or destroy any portion of any work product that incorporates the Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefor in writing within 10 days of receipt of the Producing Party's notification. Other than for an *in camera* review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Produced Privileged Information until the dispute is resolved. The Producing and Receiving Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Producing and Receiving Parties cannot resolve their dispute, either such Producing Party or Receiving Party may seek determination from the Court whether the privilege applies.

10. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their employees, their insurers, and counsel to their insurers;

(b) any witness, and their counsel, who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(c) any witness, and their counsel, at a deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. If the witness declines to execute a Non-Disclosure Agreement Designated Material may be shown to the witness during a deposition but the witness shall not be given a copy of Designated Material

to retain;

(d) during the trial of this action the court, court personnel, court reporters, and any witness called at the trial in this action, provided that the witness shall not be given a copy of Designated Material to retain; and

(e) any other person agreed to by the Parties.

11. If any Receiving Party inputs, uploads, or otherwise shares Designated Material with any publicly-accessible Generative Artificial Intelligence tool and/or Large Language Model (collectively, a "Public GenAI tool") (e.g., ChatGPT, Anthropic, or similar AI systems) it shall constitute disclosure of Designated Material to a third party not authorized by the above lists. If a Receiving Party desires to input, upload, or otherwise share Designated Material with any non-publicly accessible GenAI tool (a "Closed GenAI tool"), the Receiving Party shall notify the Producing Party of its intent to do so in writing in advance. As part of this notice, the Receiving Party shall identify the Closed GenAI tool(s) it intends to use and shall represent that the Receiving Party has undertaken the necessary steps to confirm that Designated Material will (i) not be used to train, fine-tune, or otherwise enhance the Closed GenAI tool(s) it intends to use other than for purposes of this Action; (ii) not be disclosed to any third party, including, without limitation, other users or developers of the Closed GenAI tool; and (iii) be capable of return or destruction, and certification of such, according to the terms of this Stipulation and Order. The Producing Party shall have 5 business days following such notice to consent or object in writing to the Receiving Party's use of the contemplated Closed GenAI tool(s), and the Parties shall meet and confer in good faith to resolve any dispute. If the dispute cannot be resolved by the Parties, the Producing Party shall have 5 business days from a written declaration of an impasse by either Party in the meet-and-confer process to move for a

Protective Order. Absent express written consent from the Producing Party or a decision on any motion for a Protective Order by the Court, Designated Material may not be shared with the subject Closed GenAI tool(s).

12. Before disclosing any Designated Material to any person referred to in subparagraphs 10(b) or 10(c) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Designated Material hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

14. In filing Designated Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Designated Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 3 of the Court's Individual Rules of Practice, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with

unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 3 of this Court's Individual Rules of Practice, any Party that seeks to file Designated Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court and the designating party shall bear the burden of demonstrating that the information in dispute should be maintained in confidence.

16. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court and the designating party shall bear the burden of demonstrating that the information in dispute should be subject to the additional limit(s) on disclosure.

17. Recipients of Designated Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or

restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Any party serving any subpoena duces tecum in this Action on a non-party to the Action shall also provide a copy of this Protective Order with the subpoena and instruct the non-party recipient that it may designate Discovery Material produced in response to the subpoena as "Confidential" according to the provisions herein.

19. Nothing in this Order will prevent any Party from producing any Designated Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21. Within 60 days of the final disposition of this action—including all appeals—all recipients of Designated Material must either return it—including all copies thereof—to the Producing Party, or, destroy such material (as determined by the receiving party)—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or

capturing any of the Designated Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Order.

22. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Designated Material is produced or disclosed.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: August 17, 2026

By: */s/ David Bolton*
David Bolton
**David Bolton, P.C.**
666 Old Country Road, Suite 509
Garden City, New York 11530
Telephone: (516) 222-0600
dbolton@dboltonlaw.com

*Counsel for Plaintiff Robert S. Mancini*

Dated: August 17, 2026

*/s/ David L. Goldberg*
David L. Goldberg
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-6787
david.goldberg@katten.com

*Counsel for Defendant UBS AG*

SO ORDERED.

Dated: August 18, 2026
New York, New York

EDGARDO RAMOS
United States District Judge

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT S. MANCINI,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG,<br><br>Defendant. | Case No. 1:23-cv-09815 (ER)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

______________________________

Name:
Date: